ABRAHAM BARNES V. HARRISON JAMISON AND ANOTHER.

This court has frequently declined to consider instructions which do not bear the judge's signature.

If the defendant has the legal title, he is not required to show, that he is an innocent purchaser for a valuable consideration, without notice, but the burden of proof is upon the plaintiff, to show a superior equitable title in himself.

APPEAL from Collin.    Tried below before the Hon. Nat. M. Burford.

This suit was brought by Abraham Barnes against Harrison Jamison and John Bundy, to recover 320 acres of land, and to have decreed to him the title of the certificate, by virtue of which it was located.

The plaintiff stated, that he was the owner of a certificate, for one-third of a league of land, granted to Isaac C. Williamson; that he acquired the said certificate from George W. Wright, in lieu of other certificates he had previously bought of Wright, the titles of which were not valid, or were supposed not to be; that the defendant, Jamison, pretending to act as his agent, got the certificate from Wright, erased the plaintiff's name in the transfer, and inserted his own; and without authority from the plaintiff, sold 320 acres of the said certificate to one William P. Walton, who had sold the land located by virtue of it, to the defendant, Bundy, and had given him a bond for title.

The testimony showed, that Jamison was acting as the agent of the plaintiff, in procuring and locating certificates, and was instructed to make the settlement with Wright, on account of the certificates previously sold to the plaintiff, the titles for which were supposed to be defective; and that he applied to Wright for the other certificates, which he had agreed to give in place of those; that Wright delivered to him, as the agent of the plaintiff, the certificate in question, making a transfer of the certificate in blank, upon the back of it.   Jamison, afterwards, inserted

his name in the blank, sold 320 acres of it to Walton, and executed to him a deed for the same; and Walton subsequently sold to the defendant, Bundy, the 320 acres of land located by virtue of it, and executed to him a bond for title. The defendants read in evidence, a letter from the plaintiff to Jamison, which showed that the latter was his agent, attending to his business in Texas, and which recognised his authority to dispose of his certificates; there was other testimony tending to prove the same fact. The plaintiff resided in Missouri, and was, at the time the letter was written, about removing to California.

The plaintiff asked, and the court refused to charge the jury, "that in order for defendant, Bundy, to protect himself under his purchase from Walton, he must have pleaded in his answer that Walton was an innocent purchaser for a valuable consideration without notice, and must also prove that Walton had, in good faith, paid such valuable consideration."

There was a verdict and judgment for the defendants; a motion for a new trial was overruled, and the plaintiff appealed.

*John C. Easton*, for the appellant.—To entitle a party to protection in a court of equity, as an innocent purchaser without notice, &c., such purchase must not only be *bonâ fide*, without notice, and for a valuable consideration, but he must have paid the purchase-money, and must also have purchased the legal title. (See Story, Eq. Jur. §§ 1502–1564, and the cases there cited.)

It will not be contended, that either party has the legal title to the lands in controversy. The State is yet the owner of the fee, and if Barnes has a prior equity in point of time, he is entitled to the relief sought. (Id. § 1502.) To entitle Bundy to relief, even if he had the legal title, he must aver in his answer, that he has made such purchase, and that he has paid the purchase-money. If these averments were properly made, and the proof showed that he had the legal title, and had paid the purchase-money, no doubt he would be entitled to relief. No such alle-

gations were made in the answer, nor is there any proof that the purchase-money was paid.

The allegation and the proof must correspond; and although we find none of the requisite averments in the answer, or proof in the record, yet the court charged, that the recital of the payment of the purchase-money, in the transfer made by Jamison to Walton, would be sufficient to protect Bundy in his purchase from Walton. This is the effect of the charge, and is certainly erroneous. The doctrine of the protection of innocent purchasers without notice, and what state of facts constituted them such, was decided in Watkins v. Edwards, (23 Texas Rep. 443.)

*W. L. & C. L. Robards*, for the appellees.

BELL, J.—The errors of which the appellant's counsel complains, relate principally to the instructions which he says were given to the jury in the court below. By an examination of the record, we perceive that the instructions to which the appellant's counsel refers, do not bear the signature of the judge who presided at the trial in the court below. The statute requires the instructions which the judge gives to the jury, to be signed by the judge; and this court has frequently declined to consider instructions, which do not bear the judge's signature.

The testimony shows very clearly, that the plaintiff, Barnes, treated Jamison as his agent, in the business of procuring the land certificate from Wright. The letter from Barnes to Jamison, dated the 19th of April, 1850, also shows that Jamison was acting as the agent of Barnes, in procuring and locating land certificates. In that letter the plaintiff says, " get all the certificates you can, and have them located in Collin, Grayson, or anywhere you think for the best." The plaintiff, in that letter, also refers to the fact, that Jamison had let William P. Walton have 320 acres; and he says that he had given an order on Jamison, in favor of another person, for a certain number of acres of land. We think that the testimony fully warranted the jury in finding that Jamison was the agent of Barnes, and that

Jamison had been guilty of no fraud in taking the transfer of the land certificate from Wright in his own name, and in the subsequent sale to Walton. There is no evidence to show that the defendant, Bundy, had any notice, at the time of his purchase, that Barnes had any claim to the land certificate, transferred by Wright to Jamison.

We do not think that the court erred in refusing the charges asked by the plaintiff's counsel; because the legal title was in Bundy, and it was for the plaintiff to show a superior equitable title in himself, which he failed to do.

Upon the whole record, we are of opinion that the judgment of the court below ought to be affirmed, and it is ordered accordingly.

Judgment affirmed.