[Opinion adopted December 8, 1884.]

---

## MARTHA E. HILL ET AL. v. GEO. F. MOORE.

#### (Case No. 825.)

1. INNOCENT PURCHASER.— A *bona fide* purchaser for value of the legal title to property, whether land or a land certificate, without notice of the rights of others, is entitled to protection as against those who may have an equitable interest in the property purchased. *Vide* Johnson v. Newman, 43 Tex., 641; Flanagan v. Pearson, 50 Tex., 383; 2 Sugden on Vendors (7th Amer. ed.), 507–526.

2. SAME — EQUITABLE TITLE.— Equity will protect a *bona fide* purchaser for value, even where his vendor, though having the legal title, may not possess the equitable title, the property having been bought by the vendor with partnership funds.

3. SAME — EQUITIES.— One who, in good faith, for value and without notice, purchases an equitable interest in property, and afterwards acquires the legal title to the same, is also entitled to protection as against a prior equity.

4. SAME — LAND CERTIFICATE — NOTICE.— Where the purchaser in such case bought a land certificate the fact that it was a headright certificate does not affect him with notice that it was issued to his vendor as head of a family, such certificates being often transferred in blank.

APPEAL from Denton. Tried below before the Hon. A. T. Watts, Special Judge.

*J. A. Carroll* and *Sawnie Robertson*, for appellants, cited: Pasch. Dig., art. 4642; Babb v. Carroll, 21 Tex., 768; Yancey v. Batte, 48 Tex., 46; Stone v. Brown, 54 Tex., 330; Glasscock v. Hughes, 55 Tex., 461; Dodd v. Arnold, 28 Tex., 100; Titus v. Johnson, 50 Tex., 238.

*W. S. Herndon*, also for appellants, cited: Brackett v. Devine, 25 Tex. Sup., 194; Tucker v. Brackett, 28 Tex., 336; Wheeler v. Sel-

vidge, 30 Tex., 407; Parker v. Parker, 10 Tex., 97; Robinson v. Mc-
Donald, 11 Tex., 390; Kirkland v. Little, 41 Tex., 456; Connor v.
Huff, 48 Tex., 364; Cooper v. Singleton, 19 Tex., 267; Good v.
Combs, 28 Tex., 50; Burleson v. Burleson, 28 Tex., 413, and other
cases.

*B. S. & Jno. M. Moore,* for appellee, cited: McAlpine v. Burnett,
23 Tex., 649; Wilkinson v. Wilkinson, 20 Tex., 237; Long v. Walker,
47 Tex., 172; Walters v. Jewett, 28 Tex., 192; Ayres v. Duprey, 27
Tex., 599; Rippetoe v. Dwyer, 49 Tex., 506; Wethered v. Boon, 17
Tex., 143; Sexton v. Magill, 2 La. Ann., 110, and other cases.

*Geo. F. Moore,* also for appellee, filed an argument.

STAYTON, ASSOCIATE JUSTICE.— This is an action of trespass to try
title, brought by appellants, to recover an undivided one-half of a
tract of land described by metes and bounds in the petition.

The answer consists of a general demurrer and the plea of "not
guilty."

The cause was tried without a jury, and a judgment was rendered
in favor of the defendant, who is here the appellee.

The entire statement of facts on which the cause was tried is as
follows:

"R. R. Jowell and Martha P. Ragsdale married in Texas in A. D.
1835; that they lived together in this state in Cherokee county, as
husband and wife, until her death in the fall of 1848; that she left,
surviving, her husband and one child of said marriage, Mary Ann,
who was born October 20, 1836. She married F. M. Hill, Feb-
ruary 12, 1852, and died March 10, 1872, leaving, as her heirs, her
husband, F. M. Hill, and the other plaintiffs herein. At the death
of Martha P. she owned a lot of slaves in her own right, and she
and her husband owned, as community property, the certificate by
virtue of which the land in controversy was located; that after the
death of his wife, R. R. Jowell, without qualifying as administrator,
or otherwise, upon her estate, sold and conveyed the certificate (less
six hundred and forty acres) to George W. Copeland on the 17th
day of December, 1852; it was conveyed by the said George W.
Copeland to Jesse Duren on November 9, 1854; that Jowell, on the
20th day of May, 1856, conveyed the entire certificate directly to
the said Jesse Duren; that Jesse Duren, on the 16th day of Octo-
ber, 1856, conveyed the certificate and the land in controversy upon
which it had then been located to the defendant George F. Moore,
for the sum of $3,000 in money to him paid by the defendant, that

being the full value of the property at that time; that defendant, very soon after his purchase, caused an error in the survey to be corrected, and applied for and obtained a patent to himself as assignee, dated November 29, 1856; that, at the time of his purchase, and the issuance of said patent, defendant lived in Travis county, Texas, and had no actual knowledge of any defect in his title, or any claim of Mary Ann Hill or of these plaintiffs; that, at the death of Martha P., there was no community debts owing by R. R. Jowell; that he sold the certificate and applied the proceeds to his individual use and benefit, and that neither the plaintiffs nor Mary Ann Hill ever received anything from the community estate of R. R. Jowell and Martha P. Jowell."

From this statement it will be seen that the appellants claim as heirs, by virtue of the community interest which the wife of R. R. Jowell held in the land certificate through which the land was acquired.

That the certificate was the common property of R. R. Jowell and his wife, at the time of her death, is an admitted fact; and that her interest therein at the time of her death passed to her daughter, whose heirs the appellants are, cannot be denied; and on this right they base their right to recover.

It will be further seen from the statement that the defense is based on the ground that the appellee was a *bona fide* purchaser for value paid, without notice of any right which the heirs of Mrs. Jowell had.

Claiming as the appellants do, they show no such title as would enable them to maintain an action at law to recover any part of the land sued for.

The appellee has the legal title, and that in a court of law would prevail; but under the system of laws and procedure in force in this state, an action of trespass to try title may be maintained upon an equitable title; by which is meant any right in land inferior to the legal title, such as a court of equity, as distinguished from a court of law, in the exercise of its well recognized powers would enforce.

It then becomes necessary to inquire whether, under the facts of this case, a court of equity would extend to the appellants the relief they ask.

The case is in no manner affected by the laws regulating registration, and must be determined by the rules applicable to the rights of a *bona fide* purchaser as they are enforced and protected in courts of equity.

It is a well recognized doctrine in equity, that a *bona fide* purchaser of the legal title to property, who pays a valuable consideration therefor, without notice, actual or constructive, of the right of other persons is entitled to protection against others who may have equitable title to or interest in the thing purchased; and it matters not whether the thing purchased be real or personal property. Story's Eq., 409, 435, 436; Pomeroy's Eq., 735–785; Bispham's Principles of Equity, 328; Perry on Trusts, 218; Johnson *v.* Newman, 43 Tex., 641; Flanagan *v.* Pearson, 50 Tex., 383; 2 Sugden on Vendors (7th Am. ed.), 507, 526; Basset *v.* Nosworthy, 2 Lead. Cas. in Eq., 2. In the notes to the elementary works referred to cases are fully cited.

That no one can ordinarily pass greater title than he has to personal property does not militate against this rule; for if one have the legal title to such property, in which others have an equitable title or interest, he may pass the legal title which he has, and equity will protect the purchaser if he brings himself within the rule stated.

If the legal title to property, real or personal, stand in the name of one of several copartners, while the equitable title stands in the partnership, by reason of the fact that it was bought with partnership funds, and by reason of the death of the others the partner so holding the legal title should become the survivor, no one would doubt that a *bona fide* purchaser from him for value, and without notice of rights in others, would be protected; and so, not for the reason that for certain purposes he would have power to sell, but because he sells as apparent owner.

In this case no facts were shown which would have empowered Jowell to sell the interest of his child; but the fact that he was the survivor of a *quasi* partnership created by law, between married persons, would not affect the question under consideration. The apparent title in his hands would be subject to the same rules as govern in other cases, even though he be considered a trustee holding for the heir of his deceased wife.

It is also generally held, that one who in good faith, for value and without notice, purchases an equity and afterwards acquires the legal title, is also entitled to protection against a prior equity. This is certainly true if the purchaser has no notice at the time he acquires the legal title.

Under these rules what are the rights of the parties in this cause?

The certificate on which the patent to the land in controversy issued had been located prior to the time the appellee purchased it

and the land, and on the purchase so made a patent issued to the appellee directly.

Under this state of facts it must be presumed that the conveyances mentioned in the statement of facts passed to the appellee the legal title to the certificate, as did the patent pass to him the legal title to the land. The appellee then became the purchaser of the legal title.

That he paid full and valuable consideration is admitted, and that at the time of his purchase and at the time the patent issued he had no actual notice of any claim which the appellants had either to the certificate or land is also admitted.

It then becomes only necessary to inquire whether the appellee had constructive notice, or knowledge of such facts as would put a prudent man upon inquiry.

It is assumed in the brief and argument of counsel, that the appellee was affected with notice by the fact that the certificate was such as could be issued only to the head of a family, and that therefore he was put on inquiry as to who composed the family of Jowell, and as to the continued existence or death of Mrs. Jowell, through whom the appellants claim.

Whether this proposition would be correct or not, as the case is presented it is not necessary for us to consider, for the facts upon which the proposition is based are not shown by the record.

Neither the pleadings nor the statements of facts show that the land certificate was issued to Jowell; it is simply shown that at the time of the death of Mrs. Jowell the land certificate was a part of the common estate of herself and husband; and it cannot be presumed, from this fact alone, that it was issued to Jowell as the head of a family composed of himself and the grandmother of the appellants or of any other constituents.

Land certificates were the subjects of transfer and often passed through the hands of many persons by an assignment in blank.

So far as the record shows the certificate in question may have been issued to some person other than Jowell, and by him afterwards purchased; if so, the simple fact that it may have been transferred to him would not put a purchaser upon inquiry, from the fact that it was such a certificate as could issue only to the head of a family, whether Jowell had a wife at the time he purchased. A single man as well as the head of a family could deal in such certificates, and no presumption of family, or not, could possibly arise from the fact that a man by purchase became the owner of a land certificate which could only issue to the head of a family.

So far as the record shows it may have been true that Jowell purchased the certificate through a blank assignment, and that he transferred with this assignment on it, simply by delivering it to the persons through whom the appellee claims; if so, his name would not even appear, either on the certificate or on any writing by which the transfer was made, and in such case a purchaser would not be put on inquiry as to the rights of other persons, unless it be of those persons who claim by inheritance from the original grantee or some one in whom a right vested by operation of law at the time the certificate issued.

The burden of proof, in this case, was on the appellants, and it was incumbent on them to show, the appellee holding the legal title to the land by purchase for a valuable consideration, that he, at the time of his purchase, had notice, actual or constructive, of the equitable title of the appellants, or that he was in possession of such facts as would have prompted a prudent man, desirous to protect himself and willing to act fairly with others, to have made inquiry which would have led to the knowledge of the equitable right of the appellants.

No such proof having been made, the judgment rendered in the court below, under the uncontroverted facts, was correct, and is affirmed.

AFFIRMED.

[Opinion delivered December 9, 1884.]