### BANKS v. BLAKE et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1912.)

1. ACTION (§ 25*)—LEGAL AND EQUITABLE—ABOLITION OF DISTINCTIONS.

The distinction between actions at law and suits in equity, so far as it affects the jurisdiction of the court to grant legal and equitable relief in the same suit on pleadings presenting

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

legal and equitable grounds for relief, is not recognized.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–159; Dec. Dig. § 25.*]

**2. PARTITION (§ 55*)—RIGHT TO MAINTAIN— ISSUES.**

A plaintiff in partition of land in possession of defendant who denies that plaintiff is a cotenant, and who asserts sole ownership, may maintain the suit brought in the statutory form; and he need not establish his interest in the land on a pleading in the form of trespass to try title.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 55.*]

**3. PARTITION (§ 63*) — ISSUES — BURDEN OF PROOF.**

A plaintiff in partition of land in possession of defendant who asserts sole ownership must establish his right to the interest claimed, or to some interest; and where he does so he is entitled to partition.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 63.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by W. Gerard Banks against Roi Blake and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

H. C. Howell, for appellant. W. W. Blake and Roi Blake, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against appellees, Roi Blake, Jerry Bryant, and wife, Alice Bryant, and a number of other defendants to partition a labor (177 acres) of land in Jasper county, originally granted to Jesse B. McNeely. The petition, which is in statutory form, alleges that plaintiff is the owner of an undivided interest of 141.6 acres, and the defendants Roi Blake, Jerry Bryant, and Alice Bryant own an undivided 17.7 acres, and the other defendants the remaining 17.7 acres of said 177-acre survey.

None of the defendants, except Roi Blake, Jerry Bryant, and Alice Bryant, answered. These defendants, in addition to a general demurrer, filed the following answer: "And for answer herein, defendants deny all and singular the allegations in plaintiff's petition, and specially that they are tenants in common with plaintiff, but say that they are the owners in fee simple of the entire tract of land described in plaintiff's petition, and are in possession of same, and of this they put themselves upon the country."

To this answer plaintiff filed the following exception: "And specially excepting to that portion of said answer in which said defendants attempt to plead their title to the land in controversy, plaintiff shows to the court that said plea is too general and too uncertain to advise plaintiff as to what title or muniments of title said defendants expect to rely upon in this cause. Wherefore plaintiff prays the judgment of the court."

Upon the hearing of plaintiff's exception to the answer, the trial court made and entered the following order: "December 13, A. D. 1910. This day this cause was called for trial in its regular order on the docket, and the parties, plaintiff and defendants, appeared by their counsel and announced ready on questions of law, and the court having heard and inspected the pleadings, to wit, (1) plaintiff's first amended original petition, (2) answer of defendants Roi Blake, Jerry Bryant, and Alice Bryant, and (3) plaintiff's first supplemental petition, filed herein, raised a question of title, and the court is of the opinion that plaintiff should be required to 'plead in trespass to try title' in this cause, and so ordered, to which ruling of the court in so requiring plaintiff to so plead plaintiff then and there, in open court, duly excepted, and plaintiff having declined and refused to so plead, but preferring to stand on his pleadings in their present form and as the same are now presented to the court, it is ordered, adjudged, and decreed by the court that this cause be and the same is hereby dismissed; to which action of the court in so dismissing this cause, plaintiff then and there, in open court, duly excepted and gave notice of appeal to the honorable Court of Civil Appeals for the First supreme judicial district of Texas, at Galveston."

The theory upon which the trial court acted in ordering the plaintiff to plead in trespass to try title appears, from the statement in appellees' brief, to have been that as the answer raised the issue of title such issue could only be tried in a partition suit, when the plaintiff's petition combines the legal action of trespass to try title with the equitable suit for partition, and unless the petition contains the necessary allegations of an action of trespass to try title the issue of title cannot be settled, and until this is done the court cannot hear and determine the suit for partition.

[1] The distinction between actions at law and suits in equity, so far as that distinction affects the jurisdiction of the court to grant both legal and equitable relief in the same suit, upon pleadings which present both legal and equitable grounds for relief, is not recognized in our system of pleading.

In the case of De La Vega v. League, 64 Tex. 215, where, as in this case, the defendant had interposed a cross-bill or plea in reconvention, claiming title to the entire tract of land sought to be partitioned by plaintiff, Chief Justice Willie, for the court, said: "The question is: Can a defendant to a partition suit, who claims through the title under which the partition is sought, set up a superior title to the whole land? It is doubtless true that in a partition suit a court of equity will not entertain any controversy as to the legal title, whether it arises between the part owners as to their respective interests, or by reason of a claim

set up by one or more of them to the entire land by title superior to the one under which the partition is asked to be decreed. In our state, where there is no distinction between law and equity in the determination of causes, an action to settle disputed titles, whether legal or equitable, may be combined with one to partition the land between plaintiff and defendant. * * * But if, in addition to the denial of a decree for partition, the owner of the superior title seeks affirmative relief by a transfer to him of the legal title to the whole premises, he may proceed by cross-bill in the same suit."

[2, 3] The fact that plaintiff is not in possession of the land, but that the defendants are in possession, and deny that plaintiff is a cotenant, and claim the whole of the land for themselves, does not defeat plaintiff's right to maintain his suit for partition, brought in the form prescribed by the statute. Phillipson v. Flynn, 83 Tex. 580, 19 S. W. 136. In such case, the burden is upon plaintiff to establish his right to the interest in the land claimed by him, or to some interest therein. If he discharges this burden, he is entitled to partition; otherwise he is not. We do not think his right to establish his interest in the land is at all dependent on his pleading in the form of an action of trespass to try title.

We are of opinion that the judgment of the court below should be reversed and the cause remanded; and it has been so ordered.

Reversed and remanded.