# JANUARY, 1915.

## LOUISA L. MITCHELL ET AL. V. J. D. SCHOFIELD ET AL.

### No. 2363. Decided January 6, 1915.

**1.—Community Property—Innocent Purchaser.**

When community property of husband and wife was acquired by deed to both, each has legal title; but when conveyance is to one only, the legal title is vested in that one, and the other has equitable title. Such deed does not constitute notice of the community interest of the unnamed number to subsequent purchasers for value, and if without notice they are protected against it. (P. 514.)

**2.—Same—Title by Judgment.**

The innocent purchaser for value of community property from the husband, after the wife's death, is protected against the equity of the heirs of the former wife, though the legal title became vested in the husband, not by deed, but by a judgment from which the community interest of the wife did not appear, her name not being mentioned therein. (P. 514.)

Error from the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Louisa L. Mitchell and others sued J. D. Schofield and another for the recovery of land. Defendants had judgment which was affirmed on appeal by plaintiffs, who thereupon obtained writ of error. Plaintiffs were the heirs of Sallie Lytle, first wife of Geo. Lytle, Sr., the land had not been conveyed to either; but in a suit by the Gulf, Colorado & Santa Fe Railway Company against Geo. Lytle, Sr., during the lifetime of Sallie, he had judgment quieting his title thereto, apparently on plea of title by limitation. (39 S. W., 1119.)

*J. J. Eckford (Eckford & Cooke* in the appellate court)*, for plaintiffs in error.—The facts conclusively show that the land in controversy, which was community property, was acquired by Geo. Lytle, Sr., and his first wife, Sallie Lytle, the mother of plaintiffs, who died in 1895, by limitation of ten years, and the legal title rested in parol, and was vested in both Geo. Lytle, Sr., and his wife, Sallie Lytle, and upon her

death her portion thereof descended and vested in her children, and it was a legal title that descended and vested in them, and a sale by Geo. Lytle, Sr., to J. D. Schofield, although for value, and although said Schofield had no knowledge of the rights and interest of the, children of Sallie Lytle, could only convey the interest that the said Geo. Lytle, Sr., had in said property, and it would not convey or divest out of the children of Sallie Lytle their interest in said property. Rev. Stats., arts. 3347, 4640; Edwards v. Brown, 68 Texas, 329; Patty v. Middleton, 82 Texas, 586; McGregor v. Thompson, 7 Texas Civ. App., 32; E. T. L. & Imp. Co. v. Shelby, 41 S. W., 542, 17 Texas Civ. App., 685; 2 Pomeroy Eq. Juris. (3d ed.), 1307-1308, sec. 735. Other authorities bearing indirectly on subject: Branch v. Baker, 70 Texas, 190; Reynolds v. Lansford, 16 Texas, 287; Edrington v. Mayfield, 5 Texas, 363-370; H. & T. C. Ry. Co. v. McGhee, 49 Texas, 490; Trammell v. Neal, 1 Texas U. C., 51; Overstreet v. Manning, 67 Texas, 664; Davis v. Beall, 21 Texas Civ. App., 183; T. & N. O. R. R. v. Speight, 59 S. W., 572; Bishop v. Lusk, 8 Texas Civ. App., 30; Hurley v. Lockett, 72 Texas, 267; G., C. & S. F. Ry. Co. v. Lytle, 39 S. W., 1119.

The court erred in the following conclusion, towit: It is settled doctrine of our decisions that the purchaser purchasing from a survivor of the community without notice of the existence of said community, takes a good title, because such doctrine is limited only when the entire legal title is vested in such survivor, and an equitable title only existed in the deceased partner in community.

*Chas A. Rasbury, F. A. Williams,* and *N. A. Stedman,* for defendants in error.—Land acquired by limitations during coverture is community property and may be disposed of only by the husband and is governed by the same rules of law that govern community property acquired by any other means; and the wife has no unusual or peculiar or separate right or interest therein. Nor is a purchaser in good faith for value and without notice bound or required to make any greater investigation as to the rights of possible children or heirs than he is charged to make if the land had been acquired by any other lawful means. On the contrary, whatever interest the wife has in land so acquired is in common with her husband and his acts, declarations and conduct in relation to it bind her and those who claim under her. Hurley v. Lockett, 72 Texas, 262; Hamilton v. Blackburn, 43 Texas Civ. App., 153; Lindly v. Lindly, 102 Texas, 135.

One who purchases land which is part of the community from the husband after the death of his wife without notice of the equitable interest of any surviving children, and purchases in good faith and pays a valuable consideration for the land, is a bona fide purchaser for value without notice and having bought from the one who had apparent ownership, was an innocent purchaser and justice demands that such purchaser be protected against secret titles, legal or equitable. Edwards v. Brown, 68 Texas, 329; Patty v. Middleton, 82 Texas 586; Hensley

v. Lewis, 82 Texas, 596; Hill v. Moore, 62 Texas, 610; Wallis, Landes & Co. v. Dehart, 108 S. W., 180.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

George Lytle, Sr., and his wife, Sallie, acquired title to the land in controversy, which was established in the District Court of Dallas County on October 19, 1895, by judgment in favor of said Lytle against the Gulf, Colorado & Santa Fe Railway in a suit instituted by the railway against Lytle. Sallie Lytle died in 1895, leaving plaintiffs and others, her children, surviving her. It does not appear that the name of Sallie Lytle was in the judgment, or appeared in any manner in connection with the title to the land.

After the death of the first wife, George Lytle married Annie Lytle, who was living with her husband when he sold the land to defendant in error Schofield, who had no notice of the former marriage, but asked Lytle if he previously had another wife, to which Lytle answered that he did not. There is nothing in the record from which it can be inferred that Schofield knew anything of the former marriage. There is no dispute about the facts, and but one question of law, that is, do the facts establish the right of the defendant in error to the protection accorded to a purchaser for value without notice?

The burden was on the plaintiffs to establish a right to recover of the defendant Schofield. The evidence shows that the land was community property of Lytle and his first wife, mother of plaintiffs, which would sustain a recovery if the purchaser had notice of the first wife's right.

It is thoroughly settled by the decisions of this court that when land belonging to the community of husband and wife is deeded to both, each has legal title to it, but when the conveyance is made to one only, the legal title is vested in that one and the other has an equitable title. Such deed does not constitute notice to subsequent purchasers for value without notice of the community interest of the unnamed member. That one in whose name the title is conveyed holds as trustee for the other. Patty v. Middleton, 82 Texas, 586, 17 S. W., 909; Edwards v. Brown, 68 Texas, 329, 4 S. W., 380; Hill v. Moore, 62 Texas, 610.

The authorities cited above are so conclusive upon the issue under discussion, that argument would be superfluous. Beyond cavil, Schofield acquired the legal and equitable title to the land by his purchase from Lytle, who had the legal title, and Schofield had no notice of the equity of the former wife or her children.

The fact that Schofield acquired his title by judgment of a court can make no difference. It was no less the legal title than it would have been if acquired by deed.

The judgments of the Court of Civil Appeals and of the District Court are affirmed.

*Affirmed.*