BESSIE HOWARD ET AL. V. COMMONWEALTH BUILDING & LOAN ASSOCIATION.

No. 6635. Decided May 20, 1936.
(94 S. W., 2d Series, 144.)

Austin S. Dodd, of Dallas, for plaintiffs in error.

On proposition that pleading was sufficient to require an intermediate purchaser to make inquiry of their rights, and was sufficient against a general demurrer. Rains v. Wheeler, 76 Texas, 390, 13 S. W., 324; Phillipson v. Flynn, 83 Texas, 580, 19 S. W., 1037; Ayres v. Duprey, 27 Texas, 594; Constitution Art. 16, sec. 52; R. S. 1925, Art. 2578.

David M. Shapiro, of San Antonio, for defendant in error.

Tarkenton v. Marshall, 91 S. W. (2d) 473; Moore v. Humble Oil & Ref. Co., 85 S. W. (2d) 943; Strong v. Strong, 66 S. W. (2d) 751.

MR. JUDGE GERMAN delivered the opinion for the Commission of Appeals, Section A.

The land in controversy in this case was acquired by E. B. Bluitt April 13, 1907. At that time Bluitt was married, his wife being named Rebecca, and the land became the community property of himself and said wife. This wife died in May, 1908, leaving four children, one of whom died in infancy, and the other three are plaintiffs in error in this case. Some years later Bluitt married a second time, his wife being named Sadie. On April 1, 1920, Bluitt and his second wife conveyed the land in controversy to Ross M. Scott and Johnson J. Fagan for a recited consideration of $900.00. From Scott and Fagan the title passed through numerous conveyances to Commonwealth Building & Loan Association, defendant in error here.

On June 4, 1931, defendant in error brought suit in the nature of trespass to try title against plaintiffs in error for recovery of the title and possession of the land. Plaintiffs in error answered by general demurrer and general denial, and filed cross action, claiming an undivided one-half interest in the land as heirs of Rebecca Bluitt, who died in 1908. They appear to have undertaken to allege the facts in detail showing their inheritance of the one-half interest from their mother and the manner in which the title had passed from Bluitt and his second wife to defendant in error. The trial in the District Court of Dallas County resulted in judgment for defendant in error for one-half interest in the land and in favor of plaintiffs in error for the other one-half interest. The trial court filed findings of fact and conclusions of law. There was no finding that at the time Scott and Fagan acquired the land from Bluitt and his second wife that they had any notice of a former wife, or that the property was community property of Bluitt and a former wife, or that plaintiffs in error had any interest therein as heirs of Rebecca Bluitt. Likewise, there was no finding showing notice of these things to other subsequent vendees. There was a finding that one or possibly two vendees or lien holders in the chain of title had notice of the former marriage of Bluitt, but there was no finding that any of them knew that the property had been community property of Bluitt and his first wife.

The Court of Civil Appeals reversed and remanded the case, holding that as plaintiffs in error in their cross action failed to allege that each and all of the vendees in the chain of title from and including Scott and Fagan to defendant in error had notice of their equitable title to the land, a general demurrer to the petition should have been sustained. 61 S. W. (2d) 546.

■■ Writ of error was granted in favor of plaintiffs in error on the ground that the general demurrer should not have been

sustained. Defendant in error has prosecuted no writ of error to this court on the ground that the judgment should have been reversed and rendered. For this reason we are without jurisdiction to do more than affirm the judgment of the Court of Civil Appeals reversing and remanding the case, so far as it is concerned. Apparently, the case was tried upon defendant in error's pleading and not upon the cross action of plaintiffs in error, and there was perhaps technical error in the holding by the Court of Civil Appeals that the general demurrer should have been sustained. However, the ruling becomes immaterial, because the same question was raised in connection with the merits of the case, and the Court of Civil Appeals was authorized to reverse and remand or reverse and render on the ground that plaintiffs in error did not meet the burden of proving that there was no innocent purchaser for value in the chain of title under the deed by Bluitt to Scott and Fagan.

■ In the case of Mitchell v. Schofield, 106 Texas, 512, 171 S. W., 1121, the plaintiffs were asserting title to property which had been the community property of George Lytle and his first wife. It had been sold by Lytle and his second wife after the death of the first wife who left plaintiffs as her heirs. In that case the court said:

"The burden was on the plaintiffs to establish a right to recover of the defendant Schofield. The evidence shows that the land was community property of Lytle and his first wife, mother of plaintiffs, which would sustain a recovery if the purchaser had notice of the first wife's right.

"It is thoroughly settled by the decisions of this court that when land belonging to the community of husband and wife is deeded to both, each has legal title to it, but when the conveyanc is made to one only, the legal title is vested in that one and the other has an equitable title. Such deed does not constitute notice to subsequent purchasers for value without notice of the community interest of the unnamed member. That one in whose name the title is conveyed holds as trustee for the other. Patty v. Middleton, 82 Texas, 586, 17 S. W., 909; Edwards v. Brown, 68 Texas, 329, 4 S. W., 380; Hill v. Moore., 62 Texas, 610."

For the reasons stated herein, the judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by the Supreme Court May 20, 1936.