## ELLETT v. MITCHAM et al.

### No. 2053.

Court of Civil Appeals of Texas. Eastland.

Oct. 25, 1940.

Rehearing Denied Nov. 22, 1940.

Hughes, Hardeman & Wilson, of San-Angelo, for appellant.

F. D. Wright, of Cisco, and Conner & Conner, of Eastland, for appellees.

FUNDUBURK, Justice.

This suit by Mrs. Callie Ellett, a widow, against G. P. Mitcham and Lone Star Gas Company, in which plaintiff seeks recovery of an undivided one-half interest (amounting to about 40 acres) in the south 333 acres of Survey 386, S.P.R.R. Co. lands, in Eastland County, having been tried without a jury, resulted in a judgment for defendants, from which plaintiff has appealed. The trial judge made and filed conclusions of fact and law. The appellant will be referred to as plaintiff, and the appellees as defendants.

The judgment is correct upon the ground alone that defendants were owners of the land by operation of the 10-year statute of limitation, R.S.1925, art. 5510, unless the taking of a deed by G. P. Mitcham from A. H. Ellett, the divorced husband of plaintiff, within the necessary 10-year limitation period had the effect, as a matter of law, of establishing conclusively that Mitcham's possession was not adverse. According to the conclusions of fact, unchallenged in the following particulars, I. H. Courtney and S. J. Courtney, his wife, were the common source of title. By deed dated August 17, 1918 said I. H. and S. J. Courtney conveyed land, including the land in question, to A. H. Ellett and J. G. Baccus. The land was divided into lots and blocks and after hundreds of different portions of same had been sold, said Baccus, by deed dated December 16, 1919 conveyed his remaining interest to said A. H. Ellett. By deed dated May 28, 1929 A. H. Ellett conveyed his right, title and interest to all the land in the original tract to G. P. Mitcham. Prior to said last-named conveyance, and continuously since the early part of 1927, G. P. Mitcham had held peaceable and adverse possession of the land and continued to do so until title by limitation was perfected, unless, as said before, the adverse character of his possession was interrupted or shown not to be adverse, by the fact of his acceptance of said deed from Ellett.

A particular further finding of the trial judge was "that * * * G. P. Mitcham did not by securing the aforementioned deed dated May 28, 1929, executed by A. H. Ellett, Grantor, covering said Grantor's interest in and to the south half of said Sec. 386, interrupt or break his continued and uninterrupted possession. I further find that the said G. P. Mitcham was not claiming title to said south half under said deed from A. H. Ellett and that by the execution of said deed the defendant, G. P. Mitcham, did not acquiesce in or agree to a superior title claimed by plaintiff."

Upon the many authorities cited in White v. Greene, 129 S.W.2d 801, 803, we concluded in that case that it was a sound legal proposition "that in order for a possession of land to be adverse within the intent of the law providing for the acquisition of title by limitation, the claim

of right, admittedly essential on the part of the possessor, need be adverse only to the owner of the land, or as including such owner." If indeed, as we still believe, this is a sound legal proposition, then, as respects the half interest for which the plaintiff sued and which only is involved in this suit, said deed from A. H. Ellett to G. P. Mitcham was no evidence of any interruption of Mitcham's adverse possession. The deed only purported to convey all the right, title and interest of A. H. Ellett in and to all the south half of Sec. 386, S.P.R.R. Co. lands in Eastland County. If said Ellett and plaintiff had then been divorced and said land was their community property, then A. H. Ellett's right, title and interest, which only the deed purported to convey, was his own half of what both owned. The deed purports to convey no more, and, was, therefore, no evidence that Mitcham recognized the plaintiff as owner of any interest in the land.

 Aside from the above, we think the decision in Meaders v. Moore, 134 Tex. 127, 132 S.W.2d 256, 125 A.L.R. 817, is authority for the proposition that the taking of a deed like that of Ellett's by one already in the adverse possession of land like Mitcham, does not, as a matter of law, conclusively establish that the possession is not adverse. If so, then the findings of the trial judge conclude the question of fact involved against the plaintiff.

Although plaintiff apparently entertains a different view we think the conclusions of fact support the judgment upon another and different ground than that of limitation. Plaintiff claims through a deed conveying the land to her former husband A. H. Ellett. Her title, if any, results from her marital status and the presumption that the land was community property, the conveyance having been made during the existence of the marriage relation. A. H. Ellett had the legal title and plaintiff's title was equitable. Mitchell v. Schofield, 106 Tex. 512, 171 S.W. 1121; Howard v. Loan Ass'n, 127 Tex. 365, 94 S.W.2d 144; Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739. Plaintiff had the burden of establishing that the defendants were not innocent purchasers. Mitchell v. Schofield, supra. Among other things, the trial judge found "said divorce decree was not recorded in Eastland or Stephens County, Texas. * * * The said G. P.

Mitcham had no actual knowledge of or information pertaining to the aforesaid divorce decree. At the time of the execution of said deed the said A. H. Ellett did not mention or in any manner refer to said divorce decree or to his marital status." These findings, it seems to us, effectually exclude plaintiff's right to recover the land because she did not discharge the burden upon her to show that Mitcham was not an innocent purchaser.

It is our conclusion that the judgment should be affirmed and it is so ordered.