**STAHL et ux. v. WESTERMAN et al.**

**No. 12414.**

Court of Civil Appeals of Texas.
San Antonio.

June 11, 1952.

Phillips, Horton, & Schlieman, Bryan Wingo, Corpus Christi, for appellants.

Patrick J. Horkin, Jr., Berger, Swearingen, Williamson & Prewett, Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from a judgment of the District Court of Nueces County decreeing that appellants, W. H. Stahl and wife, Lillian Stahl, are the owners of an undivided one-half interest in and to Lots 12 and 13, Block A of Marretta Terrace, an addition to the City of Corpus Christi, Texas, and that title to the remaining one-half interest in said property is vested in the heirs of Matilda Meis, the first wife of H. K. Meis and those claiming under said heirs. Stahl and wife have appealed and the controversy is essentially one of title between appellants and those claiming under Matilda Meis. Trial was to the court without a jury. Request was made for findings of fact and conclusions of law. These were filed, but, instead of being incorporated in a separate instrument as is the preferable practice under the Texas Rules of Civil Procedure, such findings and conclusions were set forth as recitations in the judgment appealed from. We shall treat these recitations as findings and conclusions filed in accordance with Rule 296. The following appears therefrom:

H. K. and Matilda Meis were married in 1890 and in 1910 they acquired the property of which the lots here involved are a part. H. K. Meis only was named as the grantee in the deed whereby the property was conveyed. Matilda Meis died intestate in 1923, leaving numerous children. Thereafter H. K. Meis married again.

In 1938, H. K. Meis and Barbara Meis, his second wife, platted the subdivision known as Marretta Terrace, and on March 8, 1941, they entered into an agreement whereby they agreed to convey Lot 12, Block A, of the subdivision to appellants upon the payment of $450. Fifty dollars was paid down and appellants agreed to pay the balance at the rate of $5 per month. A similar contract covering Lot 13 was also executed. H. K. Meis died in 1943, but appellants continued to make payments to a Corpus Christi bank until April 11, 1946, when further payments were refused upon order of the executor of the estate of H. K. Meis. At this time, the sum of $195 remained unpaid upon the purchase agreements. The pleadings indicate that this sum of money was tendered into court by appellants. There is no evidence tending to show that appellants had notice of the claims of the heirs of Matilda Meis when they agreed to purchase the lots. It is inferable from the trial judge's findings that they had no notice at such time.

The trial judge concluded as a matter of law:

"That at the time of Matilda Meis's death intestate in 1923, her surviving husband, H. K. Meis, acquired legal title under the statutes of descent and distribution, to an undivided one-half interest in Lot 9, Sec. L., Paisley Subdivision of the Hoffman Tract in Nueces County, Texas (the tract later platted as the Marretta Subdivision), and her children aquired the *legal* title to the other undivided one-half interest."

The effect of this holding was that although the 1910 deed mentioned H. K. Meis alone, appellants, as purchasers in 1941, were charged with notice of Matilda Meis' death in 1923, and the consequent vesting of the estate formerly held by her in her heirs. This, because such estate was

legal in nature and a vendee would not be protected against the claim of the heirs as an undisclosed equity.

■ We are unable to agree with the trial judge's conclusion. Absent provisions and recitations contained in the title papers, a purchaser of land is not charged with knowledge of the marital history of all those who appear as grantors in his chain of title, and it has been repeatedly held that the interest of a wife in community property is equitable in nature when the husband's name only is mentioned in the deed by which the property is acquired. It follows that upon her death, her interest in the property passes to her heirs as an equity.

The case of Patty v. Middleton, 82 Tex. 586, 17 S.W. 909, 910, opinion by Chief Justice Stayton, seems directly in point. We quote from the opinion:

"* * * The court below held that on the death of a wife a legal title vested in her children to one-half of the community property, notwithstanding the deed by which it was acquired in terms conveyed the property to the husband. We * * * understand it to be contended that the legal title to all community property vests in husband and wife alike, without reference to the fact that the deed through which the property is acquired on its face purports to convey only to one parent, and that on the death of the other a like title will vest in the children or other descendants of such deceased parent. If it be conceded that such title vests in each parent when the conveyance is to one, it must be conceded that it vests in the children or other descendants on the death of either parent to the extent of the interest of such deceased parent; but if the title which vests in one of the parents to community property, conveyed in terms to the other, be only an equitable title or interest in the one to whom the conveyance is not in terms made, then it must follow that such will be the title or interest inherited by the children of such parent, for, taking by inheritance from another holding only an equitable title or interest, the heir cannot acquire a title other than such as the ancestor had.

"* * * If the deeds through which the lots in controversy were acquired had shown right in the mother of appellees, no person could have become an innocent purchaser of her interest through a purchase from the father, acting in his own right, and not in a representative capacity after her death; for purchasers from him would be required at their peril to ascertain who were her heirs. While the evidence of right on which appellant relied upon when he purchased showed that his vendor was the owner of the lots, it did not evidence the fact that they were purchased by the father of appellees during his marriage with their mother, nor any other fact that would put him upon inquiry as to any fact affecting the right of the father or his power to convey the estate his deed purported to pass. Appellees took, by operation of law, right to one-half of the lots, subject to payment of community debts, on the death of their mother; but there was no evidence of the mother's beneficial interest contained in her deed to the father, and for this reason she had, within the meaning of the law, no legal title, and the law did not confer on her heirs higher evidence of right or estate in character different to that held by her. The legal title was in the father by the terms of the deed under which he held, whether we use the term in either of the senses before referred to, from which it necessarily follows that the estate held by the mother and transmitted to her children was equitable, as was her title; * * *."

■ Appellants' points attacking the conclusion of law above set out must be sustained. The rights of appellants had their inception at the time their contract of purchase was executed. Under the trial court's findings and the undisputed evidence, they were bona fide purchasers for value, without notice of the claims of those holding under Matilda Meis, all of whom are parties

to this suit. The claims of such heirs are properly limited to the proceeds of the sales to appellants. It appearing that over one-half of the consideration agreed upon has been collected by H. K. Meis or his executor, it follows that the heirs of Matilda Meis are entitled to the sums deposited into court and there is apparently no dispute among them as to the division thereof. This is obviously a case where the jurisdiction of the probate court is inadequate to grant full relief in the premises. As above pointed out, this is essentially a suit involving a dispute of title between appellants and the heirs of Matilda Meis and is within the jurisdiction of the district court. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563; 11 Tex.Jur. 784, Courts, § 56. It becomes the duty of this Court to render such judgment as should have been rendered by the court below. Rule 434.

That portion of the trial court's judgment awarding appellants an undivided one-half interest ('ormerly held by H. K. Meis) in the lots involved is affirmed. That portion of the judgment awarding appellees judgment for one-half interest in and to said lots is reversed and judgment here rendered quieting title of appellants in and to all of Lots Nos. 12 and 13, Block A, of Marretta Terrace, an addition to the City of Corpus Christi, Texas, against any and all claims of appellees, who (with the exception of the appellee Loretta Westerman in her capacity as independent executrix of the estate of H. K. Meis, deceased) as a consequence are entitled to receive the sums of money tendered into court by appellants. And such monies are hereby awarded to said appellees.

All costs of suit in this and the trial court are adjudged against appellees.