**W. P. CONNOR and C. T. Robbins, Appellants,**

**v.**

**C. E. LANE, Appellee.**

**No. 3938.**

Court of Civil Appeals of Texas.

Waco.

Jan. 25, 1962.

On Motion for Rehearing Feb. 15, 1962.

Ramsey & Ramsey, San Augustine, for appellant.

Bill A. Martin, Newton, J. L. Smith, San Augustine, Arthur Mitchell, Austin (on rehearing only), for appellee.

WILSON, Justice.

This trespass to try title action began as a partition proceeding instituted by appellee, Lane, in which he alleged appellants, Connor and Robbins, were joint owners with him of four tracts comprising 180.3 acres. The parties agree that the answers

of Connor and Robbins asserting exclusive ownership, with a plea of not guilty, converted the partition suit to one of trespass to try title.

During the marriage of Lane's stepfather and his mother, tracts of 106.6 acres and 40.7 acres were conveyed to the stepfather as named grantee. Thereafter, Lane's mother died intestate. Lane's stepfather subsequently died, leaving a will in which he devised "all my other property", after specific bequests, to defendant Robbins, his son by a prior marriage.

Lane claims the community one-half interest of his mother, alleging Robbins is his cotenant or tenant in common; defendant Robbins contends the entire freehold passed to him by his father's will; and Connor is the grantee of Robbins by deed conveying the 180.3 acres for valuable consideration, filed for record about three years before suit.

Jury findings were against appellants Robbins and Connor on their pleas of ten-year adverse possession, and their pleas of estoppel based on allegations that Lane had told them he was "not claiming any" of the land. By the judgment the court concluded plaintiff Lane and defendant Connor are sole owners, and entitled to partition of the 180.3 acres, except a royalty interest; and directed partition as prayed for by Lane.

■ Appellants say that Lane proved only an equitable title, because the deed to his stepfather, the asserted common source, named only the stepfather as grantee; that under such decisions as Hill v. Moore, 62 Tex. 610; Patty v. Middleton, 82 Tex. 586, 17 S.W. 909; Howard v. Commonwealth Bldg. & Loan Ass'n, 127 Tex. 365, 94 S.W. 2d 144; and Stahl v. Westerman, Tex.Civ. App., 250 S.W.2d 325, where only the husband's name is mentioned in the deed by which community property is acquired, the wife's interest therein is equitable in nature, and upon her death such interest passes to her heirs as an equity; and therefore Lane is in the position of seeking to prevail over

the holders of the legal title by showing only an equitable title or interest.

This contention is applicable only to appellant Connor, alleged by Lane to own one-half the fee except the reserved royalty interest therein, and as to him we think the position is correct and reversal is required unless it was shown he was not an innocent purchaser. We find no direct evidence indicating he had any notice, actual or constructive, of the equitable title or interest of Lane.

Appellee counters that appellants neither pleaded the innocent purchaser defense nor requested submission of any issue thereon, and hence, have waived it as a basis for defeating Lane's effort to establish his title so as to be entitled to partition.

■ This narrows the question to determination of the party upon whom the burden of proof rests as to the innocent purchaser issue. Where the holder of an equitable title relies on it in this type of case to prevail over the subsequent purchaser of the legal title, the burden rests on the former to establish the holder of the legal title had notice, and was not an innocent purchaser. Hill v. Moore, 62 Tex. 610, 615; Mitchell v. Schofield, 106 Tex. 512, 171 S.W. 1121; Teagarden v. R. B. Godley Lbr. Co., 105 Tex. 616, 154 S.W. 973, 974; Howard v. Commonwealth Bldg. & Loan Ass'n, 127 Tex. 635, 94 S.W.2d 144, 145; Baldwin v. Root, 90 Tex. 546, 40 S.W. 3; and see De la Vega v. League, 64 Tex. 205, 216; Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 347, 109 A.L.R. 739; Patty v. Middleton, 82 Tex. 586, 17 S.W. 909, 911; Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699, 703; Banks v. Blake, Tex.Civ.App., 143 S.W. 1183; Gillian v. Day, Tex.Civ.App., 179 S.W.2d 575, 578, writ ref.; Burden of Proof in Priority Problems, X Baylor L.Rev. 42. The holder of the legal title in such case is not required to plead he was an innocent purchaser. Barnes v. Jamison, 24 Tex. 362. •

■ The burden resting on Lane, therefore, to establish Connor was not an inno-

cent purchaser, the issue was "one relied upon" by Lane under Rule 279, Texas Rules of Civil Procedure, and no duty rested upon appellants to request its submission. Whether this issue be regarded as an independent ground of recovery by Lane, or a component element of such ground under that Rule and Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, the issue was not "conclusively established under the evidence", and no issue to which it relates or is referable was submitted or requested. Consequently, the issue was waived by Lane, Johnson v. Miller, 142 Tex. 228, 177 S.W.2d 249, 250; Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559, 564, and he failed to establish title to his interest as against Connor under the equitable right relied upon.

Appellants complain that Lane failed to offer any competent evidence of interest in two 16½ acre tracts described in his pleading, or of a common source from which title thereto emanated. We fail to find any such evidence in the record. Lane introduced two deeds only, which conveyed to his stepfather tracts of 106.6 acres and 40.7 acres respectively, separately described in the pleading. Appellee points to no evidence relating to the two smaller tracts.

Lane established his equitable interest in the 106.6 and 40.7 acre tracts as against Robbins, but the latter has parted with his title, and no partition of the royalty interest is sought. Hence, no necessity for statutory partition exists. This case does not involve, and we do not pass on any additional rights which may exist, to accounting or otherwise, as between Lane and Robbins. Other points do not require consideration, in our opinion, but if it be determined consideration is required, we would overrule them.

The judgment is reversed and judgment is here rendered vesting title in Connor to the land described in the petition, Hejl v. Wirth, 161 Tex. 609, 343 S.W.2d 226, Syl. 2, effect being given to the reservation of royalty. Costs are taxed against appellee.

Opinion On Motion For Rehearing

Appellee's motion for rehearing is granted to the extent that it is ordered that the cause be remanded. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458. In other respects the motion is overruled.