W. W. (Woody) HEIDELBERG et ux., Appellants,

v.

Arthur HARVEY and Harvey Park Company, Appellees.

No. 5696.

Court of Civil Appeals of Texas.

El Paso.

May 26, 1965.

Rehearing Denied June 16, 1965.

Leonard Howell, Midland, for appellants.

Deaderick, McMahon & McKim and Robert B. Cox, Odessa, for appellees.

PRESLAR, Justice.

This is an appeal from a summary judgment decreeing that appellants take nothing on their cross-action against appellees for damages to growing crops and land caused by appellees' having removed a pipeline from appellants' land. Appellants also seek to question an order of the trial court holding that a temporary restraining order against them was rightfully issued and valid. In

question are the rights of the parties under a pipeline right of way easement granted by appellant W. W. Heidelberg's father to appellees. We affirm.

The easement granted by appellent's father, N. L. Heidelberg, was across land the title to which was solely in his name; but it was the community property of N. L. Heidelberg and his wife during her lifetime. The wife died intestate, and was survived by appellant and other children. The easement in question was executed by N. L. Heidelberg some two months after the death of his wife. Soon after execution of the easement N. L. Heidelberg died intestate and, by a partition suit, appellant acquired the land over which the easement was granted. The easement, undated, but acknowledged on January 23, 1951, granted appellees the right to lay, maintain, operate and remove a pipeline for transportation of water across the land involved for so long as used for the purposes granted and until abandoned by the grantees. The instrument recited a consideration of Ten Dollars, and provided that such consideration included any damages to growing crops on the premises by reason of grantees' operations. It also provided that grantor should have the right to use water from the line for household and livestock purposes, when available, without liability on the grantees' part to furnish such water. The instrument was filed for record soon after its execution, and apparently the pipeline was installed about the same time, 1951. Appellant testified that he was reared on the land, but moved away in 1938, later returned to build a house on it in 1960, and then resided there and began to farm it. He further testified, and stated by affidavit, that he was not aware of the easement instrument and did not know about the existence of the pipeline until the latter part of 1959, and soon thereafter contacted appellees about taking water from the line, and that he received from appellees a letter offering to sell him water for five dollars per month. He never accepted this offer in writing, but did begin using water

from the line and continued to do so for some eighteen months, until the line was removed from his land, and he never paid for the water used. That removal brought on this suit. Appellees contracted for the sale of the pipeline and for its removal, and when appellants refused their numerous requests for permission to go on the land and effect the removal, appellees obtained a temporary restraining order on November 17, 1961. When this case came on for hearing on November 27, 1961, appellees did not seek to ripen the restraining order into a temporary injunction for the reason that they had then completed removal of the pipeline. The parties did appear for the hearing, and appellants offered testimony in an attempt to show that the temporary restraining order was wrongfully issued. Appellants appealed the court's ruling that the temporary restraining order was not wrongfully issued. This court affirmed (Heidelberg v. Harvey, 366 S.W.2d 121), but the Supreme Court dismissed the appeal, holding that it was not an appealable order (368 S.W.2d 947). As indicated, appellants filed a cross-action for damages to their crops and land, summary judgment was granted appellees as to such cross-action, and from such summary judgment this appeal is brought.

■ We are of the opinion that appellees were bona fide purchasers in the acquisition of their rights under the easement instrument, and that such rights as they acquired thereunder were therefore free of any claim of appellants. It is undisputed that they acted within the terms of the instrument in going upon the land and removing the pipeline. The question is whether such instrument gave them any rights as to the one-half interest of the mother which had passed to the children at the time such instrument was executed by the father solely. The rule of law controlling this case is well stated in Connor v. Lane, Tex.Civ.App., 355 S.W.2d 223:

"Appellants say that Lane proved only an equitable title, because the

deed to his stepfather, the asserted common source, named only the stepfather as grantee; that under such decisions as Hill v. Moore, 62 Tex. 610; Patty v. Middleton, 82 Tex. 586, 17 S.W. 909; Howard v. Commonwealth Bldg. & Loan Ass'n., 127 Tex. 365, 94 S.W.2d 144; and Stahl v. Westerman, Tex.Civ.App., 250 S.W.2d 325, where only the husband's name is mentioned in the deed by which community property is acquired, the wife's interest therein is equitable in nature, and upon her death such interest passes to her heirs as an equity; and therefore Lane is in the position of seeking to prevail over the holders of the legal title by showing only an equitable title or interest."

So it is in the case under consideration. Appellants, on the date of execution of the right of way instrument, had an equitable title, and appellees had the legal title. Under the above authorities the legal title prevails, unless it be shown that the holder of the legal title was not an innocent purchaser. Under such circumstances, the burden rests on the holder of the equitable title to establish that the holder of the legal title had notice, and thus was not an innocent purchaser. Connor v. Lane (supra) and cases there cited. This being a summary judgment proceeding, appellants' burden would not be to establish that appellees had notice, but to raise a fact question as to whether they had notice. Appellants correctly set out that in a summary judgment proceeding the burden is on the movant to negative the existence of a material issue of fact; but that does not change the burden of proof and make what would ordinarily be a plaintiff's issue one for the defendant, or vice versa. We are of the opinion that the affidavits and testimony before the court did not raise a genuine issue of fact as to the question of notice, on appellees' part, of the equitable title of appellants. In the absence of such no-

tice, appellees were bona fide purchasers of the legal title, which entitled them to take the action which they did in removing their pipeline from the lands, free of any claim for damages from appellants.

By their second and third points of error, appellants again seek to question on appeal the court's order holding that the temporary restraining order was not wrongfully issued. That order still stands in the record in the same form as when the Supreme Court ruled that it was not an appealable order. Since it is the same order, and the question of its appealability has been settled it is not before us now except that the same question was involved in it that is also in the summary judgment proceeding: e. g., the rights of the parties under their respective titles. Determination of that question in the summary judgment proceeding would dispose of the temporary restraining order if it were before us.

All points of error having been overruled, the judgment of the trial court is affirmed.