**JOHNSON v. MILLER et al.**
No. 11525.

Court of Civil Appeals of Texas.
Galveston.

June 24, 1943.

Rehearing Denied July 15, 1943.

J. A. Collier and J. A. Copeland, both of Houston (J. A. Copeland, of Houston, of counsel), for appellant.

McFarlane & Dillard, of Houston, for appellees.

CODY, Justice.

This is a suit by appellees against appellant to remove cloud from title to an acre of land in Green's Bayou Park Addition to the City of Houston.

In their petition appellees allege that appellee Mary Johnson Miller, who will hereafter be referred to as appellee, owns the land in question, that it was conveyed to her by Laurence J. Forney by general warranty deed dated October 16, 1941; that appellant, knowing that appellee owned said land, obtained a quitclaim deed on May 12, 1941, from her, appellant's, former husband, George E. Johnson, though she likewise knew that the said Johnson did not claim to own any interest in said land, and the said Johnson in fact only gave said quitclaim because appellant, his said former wife, required him to do so as a condition of her prosecuting to conclusion a divorce action then pending; that appellant then placed said quitclaim deed of record in the Deed Records of Harris County. Appellees further allege that appellant also had recorded on the same records an affidavit asserting title to said land, and allege that said quitclaim deed and affidavit cast clouds upon appellee's title to the land in question.

Appellant in addition to a general denial, pled that she and George E. Johnson married on October 15, 1938, and lived together as man and wife until a decree of divorce May 11, 1941; that on June 15, 1939, they bought the land in question to enlarge and improve their homestead, and thereafter paid the purchase price therefor out of community funds, and that said land was a part of the homestead of appellant and her then husband, and that if he, her said former husband, had deeded the land to appellee or caused it to be so deeded, such was done without her consent and without her joinder and was void. She further alleged she acquired a quitclaim deed from the said Johnson on May 12, 1941. Appellant prayed that appellee take nothing by her suit, and that all clouds be removed from her title, etc.

At the conclusion of the evidence appellees moved for an instructed verdict, which was refused. The case was then submitted on special issues. When the verdict was returned, appellant moved for judgment thereon, and appellees moved for judgment notwithstanding the verdict. The court granted appellees' and refused appellant's motion, and rendered judgment for appellees notwithstanding the verdict.

The undisputed facts in this case are as follows: George E. Johnson is the brother of appellee, and he married appellant on October 15, 1938. Prior to June 15, 1939, appellant and Johnson lived on 1⅓ acres in Green's Bayou Park Addition. On that date he entered into a written contract with Laurence J. Forney, acting through his (Forney's) agent, C. B. Ferguson, to buy 85/100ths acre adjoining the 1⅓ acres upon which he and appellant were living, and was to pay therefor in monthly installments of $25. When the consideration was paid, Forney was required to make a deed thereto. Johnson subsequently bought 15/100ths acre, thus making up the acre, the title to which is here in issue. The land thus bought was used in connection with the original 1⅓ acres, and formed a part of the homestead of appellant and Johnson. By stipulation of the parties, the title to the land in question was good in Forney on June 15, 1939, the date of aforesaid contract of purchase.

It is further undisputed that Johnson and appellant separated twice before their final separation, which occurred on January 11, 1941. The first separation was in

May, 1939, and after a few days they were reconciled; their second separation was in May, 1940, and they were again reconciled within a few days. During the first separation Johnson filed a suit for divorce, which either through neglect or thrifty design was never thereafter dismissed; for it seems that upon the separation in May, 1940, it was contemplated that said pending suit would be made use of, and on January 12, 1941, appellant filed a cross-action in said pending suit, and it was on said cross-action to the main action filed in 1939 that the decree of divorce was entered in May, 1941.

At the time this suit to remove cloud from title was tried, Johnson had gone to war and testified by deposition. He testified that in June or July, 1939, due to troubles with his wife, he decided to dispose of his contract of purchase, and that he had some prospective purchasers look at the land. While he testified that he told his wife of such purpose, she herself denied this, and there is no evidence that she knew he was doing anything about selling the land until at least a year after he claims he sold same. He testified that in June or July, 1939, after he had paid $250 upon the contract, he orally transferred said contract to appellee for the consideration of $200 and her parol agreement to pay the balance of the purchase price; that she thereafter paid to him the full amount of the payments which thereafter matured, but that she did not always pay them when they were due, and that if she was late in making a payment when it was due, he nevertheless went ahead and made each payment as it matured, but that he had been fully reimbursed for all payments which he had made except the $50 loss which he had agreed to take. It should here be stated that appellee was a feme sole at all material times. The contract price was paid out in October, 1941, and on October 16, 1941, by deed of that date, the vendor, Forney, conveyed the land to appellee as the grantee.

It is undisputed that though appellee from time to time visited in the home of Johnson and appellant, she at no time ever mentioned to appellant having taken over the contract; and appellant testified that the first she ever heard about the transaction was in October, 1941. However, it was shown that during the separation in May, 1940, she and Johnson and their lawyers met to discuss a property settlement, in contemplation of divorce. There was strong evidence presented that she then demanded that this property along with the 1⅓ acres be deeded to her, and that Johnson then told her that he couldn't deed it to her because it belonged to appellee. Appellant testified that she did not remember that she was told this. In this connection it would seem proper to state that appellees' pleadings contain no plea of estoppel, and furthermore that appellant was then under the disability of coverture. So we are unable to see the materiality of appellees' proof that appellant learned of the transaction as early as May, 1940.

The issues submitted to the jury and their answers thereto were as follows:

Special Issue No. 1: Do you find from a preponderance of the evidence, that subsequent to the making of the contract between C. Bruce Ferguson and George E. Johnson for the purchase of the acreage described therein, the said George E. Johnson agreed with Mrs. Mary Johnson Miller that if the said Mrs. Mary Johnson Miller would make payment of the balance then owing on such contract, she might take over for her own benefit the said contract for the purchase of such acreage? Answer "we do" or "we do not".

To which the jury answered, "We do not".

Special Issue No. 4: Do you find from a preponderance of the evidence that the 15/100 of an acre of land adjoining the land inquired about in the preceding special issues, purchased by George E. Johnson from C. Bruce Ferguson for a price of $150.00, was purchased by the said Johnson for Mary Johnson Miller? Answer "we do" or "we do not".

To which the jury answered, "We do not".

Appellant urges 13 points for the reversal and rendition of the court's judgment, the substance of which are reproduced in the following six:

First: That appellee's petition shows on its face that no cause for equitable relief is alleged, and, it appearing that appellee was not in possession of the land in question, she was not entitled to recover in a suit to remove cloud from title, as trespass to try title affords a plain and adequate remedy at law.

Second: That the burden rested on appellee to establish the affirmative of special issues Nos. 1 and 4, but the jury, upon

ample evidence, found that she failed to prove that Johnson by parol agreement transferred the contract of purchase, wherefore judgment should be rendered for appellant.

Third: The alleged transfer of the contract of purchase not being in writing was void by reason of the Statute of Frauds.

Fourth: The jury having found upon ample evidence that no agreement was made between Johnson and appellee for the transfer of the contract of purchase, it will be presumed without the necessity of pleading and proof that such alleged transfer was made in fraud of the wife, and not in good faith.

Fifth: It having been shown by the undisputed evidence that the homestead right of appellant and Johnson had attached to the land involved, and had so attached within the knowledge of appellee, the attempted transfer by appellant's husband in a manner other than by a deed in which appellant joined was void.

Sixth: Appellee took the transfer of the contract during the pendency of divorce proceeding and was affected with notice of appellant's rights in the land in question.

It was formerly held that the owner of the legal title could maintain a suit to remove cloud from title only if he were in possession, but it is now held that he can maintain the suit whether in or out of possession. 34 Tex.Jur. 828. "In Texas, in a suit to remove cloud from title, it is not necessary, as it would be in states having separate legal and equitable jurisdictions, to aver that plaintiff is in actual possession of the lands; the courts of this state being not only authorized, but required to give such relief, either legal or equitable, or both, as the facts presented may authorize or require." Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865. Under Rule 90, Rules of Civil Procedure, if the pleading was defective, it was waived.

We are constrained to hold that there was no evidence to sustain the jury's answers to Special Issues Nos. 1 and 4. The only direct testimony bearing on these issues was given by Johnson and appellee, and such testimony was clear to the effect that such parol agreement was made, that it was carried out; and the deed from the vendor, Forney, (if valid) confirmed and effected such transfer. It cannot be denied, we believe, that such testimony, together with the deed, made out a prima facie case

that Johnson did transfer his contract of purchase; and such evidence was not disputed. The fact that there was evidence from which it might be inferred that such transfer was made to defraud the wife cannot be held to dispute that such transfer was made. Such evidence admits the fact of the transfer being made, but disputes that it was made in good faith. However, there was no pleading by appellant that the transfer was not made in good faith, no issue on good faith was submitted, and the issue of the good or bad faith of Johnson in making the transfer is not in the case. In this connection we have taken into consideration Rule 67, Rules of Civil Procedure, but are unable to hold that the issue of Johnson's good faith was before the court below.

The one ground of defense relied upon by appellant to defeat appellee's suit was that the parol transfer of the contract of purchase, and the deed from the vendor to appellee were void, and not voidable. It was her position, as disclosed by her pleadings, that upon the execution of the contract of purchase she and Johnson acquired an estate in the land in question to which the homestead right might attach, and that from the character of use made of such land the homestead right did attach and, the homestead right having attached to the land, the parol transfer of the contract was void because by law, title to land to which the homestead right has attached can be divested only by a deed from the husband and wife. This is the serious question in this case.

It is well settled in this State that "when the homestead right has attached, however feeble may be the estate to which it attaches, it can only be divested, so long as it is not in some way abandoned, by a conveyance made by the husband and wife in the manner prescribed by law." Wheatley v. Griffin, 60 Tex. 209, 212. Upon the execution of the contract of purchase, the homestead right of Johnson and appellant did attach under the facts of this case, except as against the vendor and his right to collect the purchase price. Id. In the early case of White v. Shepperd, 16 Tex. 163, 172, it was settled that the husband may renounce a contract for the purchase of land, to which the homestead right would attach if the purchase price were fully paid, merely to relieve himself of the burden of paying out the contract. Or the husband has the right, in good faith, to

make any adjustment with the vendor of his equity in the property. Id. Clements v. Lacy, 51 Tex. 150; Gillum v. Collier, 53 Tex. 592. Furthermore, the husband, holding, as against the vendor, a mere contract to buy land "being without title but holding a mere contract for a title conditioned on payment of notes, and being unable to pay, could agree by parol for others to have the benefit of his contract. Mead v. Randolph, 8 Tex. [191], 196 to 199; Secrest v. Jones, 21 Tex. [121], 132." Johnson v. Smith 115 Tex. 193, 280 S.W. 158, 160. If the parol agreement to transfer the contract of purchase made between Johnson and appellee is to be sustained, it must be sustained under the authority of Johnson v. Smith, and cases there cited.

 Johnson v. Smith is, we take it, but an application of the rule that the husband alone, acting in good faith, may adjust pre-existing equities. In that case the husband was unable to complete the payment of the purchase price, making it necessary for him to dispose of the contract of purchase. Such sheer necessity was sufficient to establish the good faith of the husband, and in addition to that, the parol agreement was made with the full knowledge and approval of the wife. But the authority of the husband to dispose of a contract to purchase property in what would become homestead property upon the completion of the payment of the purchase price is founded upon the right of the husband to adjust equities existing before the attaching of the homestead right, and not upon sheer necessity. And the husband's right to adjust pre-existing equities without the wife's consent so long as he acts in good faith is no longer questioned.

 The reason given by Johnson for disposing of the contract of purchase was that he was convinced his marriage was headed for shipwreck, and that he did not want the additional acreage, and wanted to get rid of the contract. We think the evidence in this case would have been sufficient to support a finding by the jury that Johnson had acted in good faith in disposing of the property, had that issue been imported into the case. But be that as it may, his good faith stands unchallenged here upon the record. And only his power to dispose of the community rights as he did is challenged. In the absence of any issue being made which challenges Johnson's good faith, no inference of bad faith can be drawn from the evidence. Unless the appellee had the burden of alleging and proving good faith on the part of Johnson, we are bound to assume good faith on his part. Appellant makes no contention that any such burden existed.

 The same authorities which sustain the right of the husband to dispose of a contract for the purchase of land by parol agreement, without the joinder of the wife, likewise hold that the Statute of Frauds does not apply to such disposition. Johnson v. Smith, supra.

 We fail to see any merit in the contention that the parol agreement for the transfer was made during the pendency of the divorce proceedings. As shown above, the divorce proceedings were instituted during the first separation and were never thereafter dismissed. Without holding that the pendency of such divorce suit affected appellee with constructive knowledge of the rights of appellant in the property, it is clear that constructive knowledge would have no greater effect than actual knowledge, and that appellee had actual knowledge of whatever rights appellant possessed seems clear to us. Anyone who takes over a contract for the purchase of land from a husband by a parol transfer does so at his peril that the transaction may be attacked for bad faith on the part of the husband. But this is a peril that can be defended against by the proof of the husband's good faith. If such defense is successful, or if the husband's good faith is not questioned, such transfer, which is only voidable, and not void, will stand.

In order not to unduly extend the length of this opinion we have not discussed in detail the separate deal between Johnson and appellee covering the 15/100 acre. Appellant makes no contention that the deal involving the 15/100 acre is not governed by the same rule that governed the deal involving the 85/100 acre.

We are constrained to hold that the learned trial judge correctly rendered judgment for appellee upon her motion therefor, notwithstanding the verdict, and the judgment is affirmed.

Affirmed.