MRS. WINNIE JOHNSON V. MARY JOHNSON MILLER ET VIR.

No. 8174. Decided February 2, 1944.
(177 S. W., 2d Series, 249.)

*J. A. Collier* and *J. A. Copeland,* both of Houston, for petitioner.

*McFarland & Dillard,* of Houston, for respondents.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

Petitioner, Mrs. Winnie Johnson, filed an action in trespass to try title to recover from respondents, Mary Johnson Miller and husband, Guy D. Miller, .85 acres of land, more or less, on Green's Bayou in Harris County, Texas. However, she dismissed her suit when the Millers, in their answer, filed a cross action against her to remove cloud from Mrs. Miller's title to the land as against Mrs. Johnson. So the issues are made by that cross action and Mrs. Johnson's answer thereto.

The Millers alleged that on May 12, 1941, without their consent, Mrs. Johnson had obtained from one George E. Johnson, then her husband, a quitclaim deed to the land knowing that he did not own or claim any interest therein but knowing that both the legal and equitable title was then vested in Mrs. Miller by a deed from one Forney then of record in Harris County; that such facts were made known to Mrs. Johnson by George Johnson at the time he executed the quitclaim deed; that he executed it only on consideration that Mrs. Johnson would prosecute to termination a divorce suit then pending against him, and that a cloud was cast on their title by that instrument as well as by an affidavit made by Mrs. Johnson on May 17, 1941, and recorded in Harris County, to the effect that the .85 acres in question and all other adjoining lands deeded by Forney to Mrs. Miller were purchased and paid for with community funds of the Johnsons and were a part of their homestead. ·

In her answer Mrs. Johnson alleged that the .85 acres plus an additional .15 acres were purchased and paid for with community funds of herself and George Johnson and were a part of their homestead; that any attempted transfer of their interest therein by George Johnson was void because she did not join therein; that George Johnson quitclaimed his interest in the lands to her; and that Mrs. Miller's asserted claim cast a cloud on her title, which she prayed be removed.

The parties stipulated that title to the land in controversy was legally vested in Lawrence J. Forney on June 15, 1939. Mrs. Johnson introduced in evidence a written contract of that date between one Ferguson, agent of Forney, and George John-

son whereby Forney agreed to sell and Johnson to buy the .85 acres, more or less, in suit, in consideration of $500 paid and to be paid by Johnson as follows: $200 cash and the balance in monthly installments of $25.00 each. Later, by parol, Ferguson agreed to add .15 acres to the contract, for $150.00 to be paid in installments, but whether the agreement was made by Johnson for his own benefit or for the benefit of Mrs. Miller was disputed. Thereafter both tracts were deeded by Forney to Mrs. Miller for a recited consideration of $650.00. In explanation of that development, Johnson testified that after he had paid $250.00 on the original contract he saw that his marriage with Mrs. Johnson was going on the rocks and that, under those circumstances, he did not want to go ahead with the contract with Forney and decided to relieve himself of its burdens; that, to that end, he orally agreed to assign the contract to Mrs. Miller in consideration of her payment to him of $200.00 of the $250.00 he had paid out thereon and her agreement to pay out the remaining installments due Forney; that she made all such payments and that he therefore requested that the tracts be deeded to her, which was done. Mrs. Miller fully corroborated Johnson's testimony and placed in evidence Forney's deed to her. Mrs. Miller offered in evidence, as a cloud on her title, the quitclaim deed from George Johnson to Mrs. Johnson. The latter admitted in her testimony that before the instrument was executed Johnson told her he had no interest in the land but that it belonged to his sister. Mrs. Miller also offered in evidence the affidavit of Mrs. Johnson above referred to and complained of as casting a cloud on Mrs. Miller's title.

The jury found (1) that after the making of the contract between Ferguson and Johnson for purchase of the acreage therein described, Johnson did not agree with Mrs. Miller that if the latter would pay the balance then due thereon she might take over the contract for her benefit; and (2) that Johnson did not purchase the .15 acres additional land for the benefit of Mrs. Miller. In the face of those findings, the trial court granted the motion of the Millers for judgment non obstante veredicto, and entered judgment removing the cloud cast on their title by the quitclaim deed and affidavit above described. That judgment was affirmed by the Court of Civil Appeals. 173 S. W. (2d) 280.

After a full consideration of the entire record, in the light of the points assigned, we have concluded that the Court of Civil Appeals correctly sustained the judgment of the trial court. However, we shall briefly discuss some of the contentions made by Mrs. Johnson.

■ She asserts that Johnson's assignment of the purchase contract to Mrs. Miller was prima facie fraudulent because the land in controversy was paid for with community funds of herself and him. Be that as it may, she is in no position to make the contention here for the reason that, although it was a disputed issue in the trial and certainly was not conclusively established, no issue as to whether the land was paid for with community funds was submitted to the jury nor did she request the submission of any such issue. Therefore, she waived it. Rule 279, Texas Rules of Civil Procedure.

■ Nor can it be said that a presumption of a finding in her favor on the issue can now be indulged, since that presumption, when available, is always to support the judgment and is never indulged to destroy it, as would be the case here. Ibid.

That the property was paid for with community funds was her contention both in her pleadings and in the affidavit complained of by the Millers, and she makes no claim that it was paid for by any money in which she was otherwise interested. Her failure to establish her contention takes the issue of Johnson's motive in orally transferring the contract of sale to Mrs. Miller out of the case, whether pleaded or not. Obviously our holding is grounded on the fact that the burden was on Mrs. Johnson to prove that community funds were used to pay for the land. After Mrs. Miller proved her title to the land by offering the deed from Forney and that a cloud was cast thereon by offering the quitclaim deed from Johnson to Mrs. Johnson and the latter's affidavit, it was Mrs. Johnson's burden to establish by a preponderance of the evidence the facts which she alleged in her pleadings and in the affidavit gave her an equitable title thereto. 44 Am. Jur., Quieting Title , sec. 83; 34 Tex. Jur., Quieting Title, sec. 22. They were "independent grounds of defense," under Rule 279, supra.

We agree with the Court of Civil Appeals that there was no evidence of any probative force to support the jury finding that Johnson did not agree with Mrs. Miller to transfer his contract of sale in consideration of her paying the balance due and repaying him $200.00 of the $250.00 he had already paid. The only direct testimony is to the effect that he did so agree, and it is forcefully supported by the fact that the deed was ultimately executed to Mrs. Miller rather than to Johnson, the person named in the contract. The record reflects absolutely no evidence whatever to the contrary.

Under any view of the case, we think it is clear that the .15 acres is wholly bound up in the original contract relating to the .85 acres because both tracts are included in all the instruments in evidence except the contract itself, which is explained by the fact that Johnson and Forney's agent later agreed to include it in the contract for an additional consideration of $150.00. Furthermore, payment indorsements on the contract show that the full consideration for both tracts was paid, and that consideration is recited in the deed conveying both tracts to Mrs. Miller. In other words, all parties concerned considered that both were covered by the original contract. Therefore since Johnson's agreement with Mrs. Miller for her to assume the contract covered the .15 acres as well as the .85 acres, it is immaterial whether he originally agreed to purchase it for himself or for Mrs. Miller, as inquired about in Special Issue No. 4.

We approve the holding by the Court of Civil Appeals that Johnson had the right, in the absence of bad faith, orally to transfer the contract of purchase to Mrs. Miller, without the joinder of his wife, although, when title was perfected, the land would have become a part of his homestead and although he assigned the contract merely to relieve himself of its burdens.

What we have said disposes, either directly or inferentially, of all propositions advanced by petitioner, and it is unnecessary to write further.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court February 2, 1044.