J. D. WILLIAMS et ux., Appellants,

v.

Robert M. SAXON, Appellee.

No. 15365.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 5, 1975.

Rehearing Denied March 12, 1975.

Pat Maloney, San Antonio, for appellants.

A. W. Worthy, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants, J. D. Williams and wife Sarah Williams, have perfected an appeal from a judgment entered on a jury verdict whereby J. D. Williams was ordered to convey to appellee by general deed, the land and premises described in an earnest money contract executed by J. D. Williams and appellee.

Appellants assert six assignments of error. The first five complain of the failure to join Sarah Williams as a party defendant and in not sustaining her plea in intervention. The sixth point complains of the court's refusal to submit to the jury two issues and instructions requested by J. D. Williams.

On December 13, 1973, J. D. Williams and appellee executed an earnest money contract whereby Williams agreed to convey to appellee a tract of land containing approximately 1.602 acres of land together with the improvements thereon in the City of San Antonio, known as 571 New Laredo Highway. The contract was executed at the southside office of the First American Title Company and was to be closed through this company within thirty days unless title objections were found. Appellee agreed to pay a total sales price of $45,658.08, including $1,000.00 paid as earnest money. On December 14, 1973, Mr. Williams called the closer at the title company and advised that his wife refused to agree to the sale and that the property was their homestead. On December 26, 1973, an attorney for Williams wrote the title company, appellee and appellee's attorney and advised that there was a gross error in the contract sales price and that unless adjusted to reflect a higher sales price, Williams would not consummate the sale.

On January 10, 1974, appellee brought this suit against J. D. Williams whereby he sought specific performance of the earnest money contract. Mr. Williams' answer urged in some detail that the recited sales price was erroneous in that it did not take into consideration all sums that he had invested in the property. He urged that the total sales price should have been $58,500.00 and that the stated sales price was grossly inadequate. He prayed for rescission or reformation of the contract. There was no allegation of any homestead rights.

The case went to trial before a jury on May 1, 1974, and during the trial there was considerable evidence introduced by both parties regarding the homestead nature of this property. The principal improvement on the property is an old building which has a second-story apartment on the back end. The building was unoccupied at all times involved herein but the front part had been previously used as an office and warehouse while the back part consisted of a three-car garage with living quarters on the second floor. Mr. Williams testified that he was temporarily working in Del Rio, and planned to return to these premises when the job was completed. There was other testimony that this property had never been his homestead. The jury resolved this dispute by finding that the prop-

erty was not the homestead of Mr. and Mrs. Williams on December 13, 1973. Appellants make no complaint of this finding.

The first pleading regarding any homestead rights was by Mr. Williams' trial amendment filed after completion of the evidence but prior to submission of the charge to the jury. Mr. Williams made no complaint prior to entry of judgment of the failure to join Mrs. Williams as a party defendant. The judgment was signed by the trial court on May 29, 1974, and on this same date, Mrs. Williams filed her petition in intervention. There is no showing that her petition was presented to or considered by the trial court prior to entry of the judgment. Thus her first complaint to the trial court was by motion for new trial, which was overruled.

The judgment makes no mention of Mrs. Williams and all relief is granted from Mr. Williams. Nevertheless, it is obvious that if he is required to deliver possession of the premises to appellee, the judgment would necessarily affect any homestead right she might have in the premises. Appellants thus urge that Mrs. Williams was a necessary and indispensable party to the suit.

■ The property in question was purchased under a contract of sale entered into on September 10, 1964, by Mr. Williams with the owners, C. E. Attaway and wife, Erin C. Attaway. Mr. Attaway is now deceased, but the sum of $16,695.16 was still owed on the note as of December 13, 1973. Appellee urges that since Mr. Williams only had equitable title in the premises, he had the right, acting in good faith, to convey the property to appellee without the joinder of his wife, even if the property was the homestead. Such a rule is set forth in Johnson v. Smith, 115 Tex. 193, 280 S.W. 158 (1926), and followed in Johnson v. Miller, 142 Tex. 228, 177 S.

W.2d 249 (1944), and Faine v. Wilson, 209 S.W.2d 427 (Tex.Civ.App.—Galveston 1948, writ ref'd n.r.e.). This rule is based on the proposition that the husband, as sole manager of the community, may alone adjust preexisting equities which were superior to the homestead rights.

■ The Matrimonial Property Act of 1967 and its codification into the Family Code in 1970 [1] introduced significant changes into the Texas system of management and control of separate and community property during marriage. These changes were considered by the Supreme Court in Cooper v. Texas Gulf Industries, Inc., 513 S.W.2d 200 (Tex.1974). It was there held that under Section 5.22,[2] community property falls into two categories with respect to management: sole management community property and joint management community property. Furthermore, Section 5.22 takes away the husband's sole right to manage all of the couple's community property. When joint management community property is involved, the husband and wife are joint managers and neither spouse may virtually represent the other.

■ Section 5.81 provides that whether the homestead is separate or community property, neither spouse may sell it without the joinder of the other spouse except in certain situations not present here. Thus the homestead interest in property solely in the name of one spouse only would clearly fall within the rules governing joint management property. This result destroys the basis for the holdings relied on by appellee that the husband, as sole manager of the community, could dispose of the wife's homestead interest where such interest was subordinate to the rights acquired under the equitable title. Since Mrs. Williams was not a party to the first suit, her homestead interest, if any, is untouched by the judg-

1. Texas Family Code Ann., Tit. 1 (Supp. 1973), Vernon's Tex.Rev.Civ.Stat.Ann.

2. All references are to the Texas Family Code Ann., Tit. 1 (Supp.1973), Tex.Rev.Civ. Stat.Ann.

ment entered against Mr. Williams. Cooper v. Texas Gulf Industries, Inc., *supra.*

■ Appellants urge that Mrs. Williams was an indispensable party and therefore the judgment is not binding on Mr. Williams. See Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966). A similar contention was considered in Cooper v. Texas Gulf Industries, Inc., *supra,* in light of Rule 39, Texas Rules of Civil Procedure (Supp.1974), as amended, effective January 1, 1971. It was there pointed out that this amendment, which is almost an exact copy of Federal Rule 19, wholly replaced our historical and classical approach to the joinder of parties. It was concluded that under the provisions of our present Rule 39, it would be rare if there were a person whose presence was so indispensable in the sense that his absence deprived the court of jurisdiction to adjudicate between the parties already joined. See also Dulak v. Dulak, 513 S.W.2d 205 (Tex.1974). It is significant that in our case there was no objection to the nonjoinder of Mrs. Williams until after conclusion of the trial and even entry of the judgment. Here Mr. Williams and appellee were properly before the court for the resolution of the issues between them and the judgment is binding upon him except to the extent that it might have to be disregarded in giving Mrs. Williams her homestead right, should it be determined that the property in question was her homestead on December 13, 1973, and had not been abandoned. In all other respects appellants' first five points are overruled.

Appellants' sixth point complains of the refusal of the trial court to give two issues and accompanying instruction requested by Mr. Williams. Williams pleaded that the sales price was not correct in that it did not include all the expenditures he had made in acquiring the property. He testified that it was represented to him at the time of closing that he would net the sum of $45,658.08 and that the balance owed Mrs. Attaway would be paid directly to her in addition to this amount. This was denied by appellee and others present at the closing. To resolve this disputed issue of fact, the trial court submitted Issue No. 1: "Do you find from a preponderance of the evidence that on December 13th, 1973, and prior to the signing of Plaintiff's Exhibit No. 1 [the contract in question], it was represented to J. D. Williams he would receive $45,658.08 net to him for the property in question?" The jury found that it was not so represented to Williams and no attack is made on such finding.

■ Mr. Williams requested a series of issues inquiring: (1) what was the fair market value of the property on December 13, 1973; (2) whether Williams made an honest mistake as to the price he believed he was to receive net to him for the property when he signed the contract; and (3) whether the difference was such as to make it unconscionable to enforce such contract at the stated sales price. We believe that the issue as submitted without objection by the court was a fair submission of the controlling fact issue raised by the pleadings and evidence of Williams. Therefore, the court did not err in refusing to grant the requested issues and instruction. Rule 279, Tex.R.Civ.P. (1967). Appellants' sixth point is overruled.

The judgment of the trial court is reformed to provide that the obligations of J. D. Williams in carrying out the provisions of the earnest money contract of December 13, 1973, shall be without prejudice to the homestead rights, if any, of Mrs. Sarah Williams.

As reformed, the judgment is affirmed. The costs of this appeal are taxed three-fourths against appellant J. D. Williams and one-fourth against appellee.