**Donald SPICER et ux., Appellants,**

v.

**GREAT SERVICES, INC., Appellee.**

**No. 16421.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1980.

Robert I. Kahn, San Antonio, for appellants.

Forrest A. Bennett, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

This is a case arising under the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com.Code Ann. §§ 17.41 *et seq.* (Vernon Supp. 1978). Plaintiffs, Donald Spicer and wife, Alice Spicer, appeal from a judgment, following a jury trial, in favor of defendant, Great Services, Inc.

According to plaintiffs' petition:

The suit arose out of the sale of a residence by Clyde Deckard and wife to plaintiffs. The contract, dated October 10, 1976, recites a price of $35,700.00. Plaintiffs insisted that the Deckards furnish a report by a reliable company, selected by the Deckards' realtor, showing that the heating and air conditioning systems had been inspected and were in good working order. The sellers selected defendant to make the inspection and submit the required report. Defendant inspected the premises on or about November 11, 1976, and submitted a written report stating that the central heating system was "in good working order," and that the report stated the "actual condition of the equipment." Plaintiffs completed the purchase of the residence, relying on defendant's representation, but, in fact, defendant's representations were false and fraudulent in that the furnace and heating system were seriously defec-

tive and created a serious health hazard to plaintiffs and their family. The sum required to replace the heating system, which was so defective as to be beyond repair, was $1,047.11. Plaintiffs also sought recovery of $3,000.00 as compensation for the discomfort, mental pain and anguish which they suffered as a result of defendant's deceptive practices.[1]

In answer to special issues, the jury found:

1. Defendant was guilty of deceptive trade practices in that its statement that the heating system was in good working order was false, misleading and defective, and it represented to plaintiffs that the heating system was of a particular standard when it was not, in fact of such standard. (Issues 1 and 2).

2. The market value of the residence on November 11, 1976, "in the condition in which it was delivered to" plaintiffs was $34,610.00 (Issue 3).

3. The market value of the home on March 18, 1977, was $35,700.00 (Issue 4).

4. The sum of money which plaintiffs should recover to reasonably compensate for anguish and anxiety is "none" (Issue 5).

The jury also found that plaintiffs' damages did not result from a bona fide error and made findings concerning attorney's fees (Issues 6 and 7).

Plaintiffs' sole point of error in this case presents as error that the judgment of the trial court "fails to conform to the verdict."

The case is before us without a statement of facts. We do have before us three exhibits, properly marked as plaintiffs' exhibits 1 and 2 and defendant's exhibit A. There is nothing in the record which indicates whether these exhibits were admitted into evidence or whether they were offered and excluded.

Plaintiffs assert that the jury's answer to issue 3, finding that the value of the residence on November 11, in the condition in which it was delivered to plaintiffs was $34,610.00 and the answer to issue 5, recit-

---

1. Plaintiffs' cause of action against the Deckards was settled.

ing that on March 18, 1977, the value of the home was $35,700.00, establish that plaintiffs suffered damages in the amount of $1,090.00. We disagree.

In the absence of a statement of facts, it is impossible to determine the relevance of the finding that on March 18, 1977, the market value of the home was $35,700.00. We cannot assume that the finding was that the plaintiffs paid $35,700.00 for the home without completely ignoring all of the language in the issue. On its face, the issue does not inquire as to the amount paid by plaintiffs. We cannot assume that the increase in value between November 11, 1976, and March 18, 1977, was due to the installation of a new heating system by plaintiffs, since the difference between the two market values exceeds the amount which plaintiffs alleged they paid for the installation of the new system. Even if we indulge such presumption, the finding of market value on March 18, 1977, would represent the value of the home with a new heating system, rather than the value of the home with a used heating system in good working condition.

Assuming that plaintiffs were entitled to recover the difference in value between the purchase price and that which they actually received, or the cost of repairing the system, the verdict does not establish either basis for the award of damages. To uphold plaintiffs' contention would require that we indulge presumptions for the purpose of destroying the judgment rather than for the purpose of supporting it. We are not permitted to indulge presumptions for the purpose of destroying a judgment. *Johnson v. Miller*, 142 Tex. 228, 177 S.W.2d 249 (1944).

In the absence of jury findings establishing the amount which plaintiffs were entitled to recover under any theory, the judgment of the trial court must be affirmed.