MBank Waco v. Patrick 







AFFIRMED 26 JULY 1990

NO. 10-89-227-CV
Trial Court
# 88-3793-3
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

MBANK WACO, N.A.,
   Appellant
v.

STEPHEN DUANE PATRICK, ET UX,
   Appellees

* * * * * * * * * * * * *

 From 74th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by appellant MBank from the trial court's
permanent injunction prohibiting foreclosure of MBank's lien
against property described in a deed of trust.
In 1981 Mr. Patrick was in the residential construction
business. MBank


 was the primary lender for his construction
loans. Patrick owed the bank approximately $100,000 and was
delinquent on his loan obligation to the bank.
Mr. and Mrs. Patrick lived in their residence in McGregor
which was their homestead. They moved out of their home for 24
hours on February 12, 1981, during which time Mr. and Mrs. Patrick
executed a deed of trust pledging the McGregor home to secure a
described $12,600 note, "and all other indebtedness" owed to the
bank or "hereafter arising".
Mr. Patrick made payments on the $12,600 note; made payments
on his other indebtedness to the bank; never fully paid the bank;
made renewals of the notes he owed bank; and on September 30, 1987,
Mr. Patrick d/b/a Steve Patrick Building signed a note for
$33,794.89 payable to the bank which was a consolidation of all of
his loans at MBank.
MBank attempted in October 1988 to foreclose the deed of trust
executed February 12, 1981. The Patricks filed this suit on
October 31, 1988, to restrain the foreclosure.
The bank counterclaimed for the amount owed on the $33,794
note plus attorney's fees. The court severed out the bank's
counterclaim making it the subject of a separate action and
proceeded to trial on the Patrick's suit to restrain the
foreclosure on their homestead. After trial the court rendered
judgment of permanent injunction barring the bank's foreclosure.
The trial court filed findings of fact and conclusions of law
summarized as follows:
Findings of Fact
1. On February 12, 1981, plaintiffs executed a deed
of trust in favor of bank on property in McLennan County.
2. That deed of trust is recorded in the deed
records of McLennan County.
3. The indebtedness secured by the deed of trust
matured on August 12, 1981.
4. Plaintiffs failed to pay the indebtedness
secured by the deed of trust.
5. Plaintiffs made no payments on the indebtedness
secured by the deed of trust subsequent to the maturity
date thereof.
6. Subsequent to August 12, 1981, plaintiffs never
acknowledged in writing the justness of the debt secured
by said deed of trust.
7. Plaintiff Steve Patrick d/b/a Steve Patrick
Building executed a note to defendant on September 30,
1987, for $33,794.89.
8. On or about August 12, 1981, the property
covered by the deed of trust executed on February 12,
1981, became the homestead of plaintiffs and has remained
their homestead at all times subsequent thereto up to and
including April 24, 1989.
9. Plaintiff Cynthia Ann Patrick did not sign the
note dated September 30, 1987.
 10. Plaintiffs did not execute a deed of trust in
favor of defendant securing the $33,794.89 note dated
September 30, 1987.
 11. No attempt to exercise the power of sale granted
in the deed of trust dated February 12, 1981, was ever
made by defendant during the 4-year period from and after
the maturity date of the debt secured thereby, i.e.,
August 12, 1981.
 12. Defendant matured and accelerated the debt
evidenced by the September 30, 1987 note on June 10,
1988.
 13. Defendant posted plaintiffs' property for
foreclosure pursuant to the power of sale granted in the
deed of trust dated February 12, 1981, on October 10,
1988.
 14. The February 12, 1981 deed of trust was never
renewed and extended in a writing signed by plaintiffs,
acknowledged before a notary public and recorded in the
County Clerk's office.
 15. Plaintiff will suffer immediate irreparable harm
and loss for which they have not adequate remedy at law
if defendant is not enjoined from foreclosing the lien
created by the February 12, 1981 deed of trust.
Conclusions of Law
1. The lien created by the February 12, 1981 deed
of trust was never renewed and extended by plaintiffs as
provided by law.
2. The property securing the February 12, 1981 deed
of trust became the homestead of plaintiffs on or about
August 12, 1981, and has remained their homestead to this
date.
3. The power of sale granted by plaintiffs to
defendant in the February 12, 1981 deed of trust is
barred by the statute of limitations.
4. The property securing the February 12, 1981 deed
of trust was joint management community property of
plaintiffs on that date and one party could not alone
encumber such property unless both parties agreed.
5. Stephen Patrick did not have authority to
acknowledge the justness of the debt secured by the
February 12, 1981 deed of trust on behalf of Cynthia Ann
Patrick without her consent and agreement.
6. Plaintiffs are entitled to injunctive relief to
enjoin defendant from foreclosing the lien created by the
February 12, 1981 deed of trust.
Defendant bank appeals on 4 points.
Point 1 asserts "the trial court erred in concluding that the
property subject to the deed of trust was joint management
community property and that Stephen Patrick was without authority
to encumber the property or to acknowledge the justness of the
debt".
Texas Family Code Section 5.81 provides:
Whether the homestead is the separate property
of either spouse or community property,
neither spouse may sell, convey, or encumber
it without the joinder of the other spouse
except as provided in this subchapter or by
other rules of law.
Also the homestead interest in property which is solely in the
name of one spouse clearly falls within the rules governing joint
management property. Williams v. Saxon, CCA (San Antonio) NRE, 521
S.W.2d 88.
Under the above authorities, even though the McGregor property
was separate property of Mr. Patrick, when it became the homestead
of Mr. and Mrs. Patrick, Mrs. Patrick's joinder was required to
further encumber the property or to acknowledge the justness of
existing debts.
Point 1 is overruled.
Point 2 asserts "the trial court erred in finding that
defendant bank's foreclosure of the Patricks' property was barred
by a statute of limitations".
The evidence shows that all debts Mr. Patrick owed to the bank
on February 12, 1981, matured within 12 months from that date.
Any new loans or renewals made by Mr. Patrick without Mrs.
Patrick's joinder would not attach to the homestead property. The
total debt owed by Mr. Patrick to the bank was reduced from
$112,600 to $33,794.89 between February 12, 1981, and September 30,
1987. Since Mrs. Patrick did not sign any new notes or renewal
notes after August 12, 1981, and Mr. Patrick did not have the
authority to encumber the homestead without her joinder or to
acknowledge the justness of existing debts, the bank's cause of
action accrued at the latest on February 12, 1982, and was barred
on February 12, 1986. The bank's attempt to foreclose did not
occur until October 1988. The trial court did not err in finding
that the bank's attempted foreclosure was barred by limitations.
Point 2 is overruled.
Point 3 asserts "the trial court erred in finding that the
only debt secured by the deed of trust matured on August 12, 1981".
The $12,600 note the February 12, 1981 deed of trust was given
to secure matured on August 12, 1981; and the evidence was that all
other notes owed by Mr. Patrick matured in 6 months. Thus at the
latest all debts Patrick owed the bank matured by February 12,
1982. The McGregor property became the homestead of the Patricks
again on August 12, 1981. Once the property became homestead Mr.
Patrick could not encumber it without Mrs. Patrick's joinder. Tex.
Fam. Code Sec. 5.81.
Thus more than 4 years elapsed from August 12, 1981, or from
February 12, 1982, before the bank attempted to exercise the power
of sale under the deed of trust.
Moreover, before the renewals and new notes could be included
in the drag-net clause of the deed of trust, such later
indebtedness must be found to have been "reasonably within the
contemplation of the parties to the mortgage at the time it was
made". Moss v. Hipp, S.Ct., 387 S.W.2d 656; Airline Commerce Bank
v. Com'l Cred. Corp., CCA (Houston 14) NRE, 531 S.W.2d 171. We
think the record is clear that the Patricks never intended to
secure future business loans to Mr. Patrick (which the renewals
were for) with a lien on their homestead. The Patricks
reestablished their homestead at the McGregor property 24 hours
after they gave the deed of trust to the bank.
Point 3 is without merit and is overruled.
Point 4 asserts "the trial court erred in concluding that the
Patricks are entitled to injunctive relief enjoining the bank from
foreclosing the lien created by the deed of trust".
Pursuant to Section 5.81 of the Texas Family Code, the real
estate subject to the deed of trust is joint management property. 
The deed of trust was intended to cover only debt owed to the bank
on February 12, 1981. It was not contemplated by the parties that
future advances and renewals for Mr. Patrick's business would be
secured by the deed of trust. The debt secured by the deed of
trust matured on or before February 12, 1982, at which time the
bank's cause of action accrued. The bank did not exercise the
power of sale in the deed of trust until October 10, 1988, at which
time it was barred by limitations.
Point 4 is overruled.
AFFIRMED
 
                               FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and
Chief Justice Frank G. McDonald (Retired)]